Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 175 | **DATE** | 8/25/2004 |
| **CASE TITLE** | United States of America vs. Chad Arnold | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion to Declare Sentencing Scheme Unconstitutional is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 AUG 26 AM 8:28 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 2 5 2004

UNITED STATES OF AMERICA,

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

Plaintiff,

Case No. 04 CR 175

v.

CHAD ARNOLD,    Hon. Harry D. Leinenweber

Defendant.

**DOCKETED**

MEMORANDUM OPINION AND ORDER

AUG 2 6 2004

## I. INTRODUCTION

Before the Court is Defendant Chad Arnold's (hereinafter, "Arnold") Motion to Declare Sentencing Scheme Unconstitutional. Arnold is charged with violating the Child Pornography Prevention Act (the "CPPA"), 18 U.S.C. § 2252A(a)(3)(B), by advertising material that either was, or appeared to be, depictions of minors engaged in sexual activity. The Government claims that Arnold placed advertisements in a number of internet "chat rooms" offering access to greater than 20,000 pictures of minors engaged in sexual activity, provided that users sent him at least three additional sexually explicit depictions of girls between the ages of 12 and 16. If convicted, Arnold would receive a sentence of between five and twenty years in prison.

## II. DISCUSSION

Arnold's argues that the sentencing provisions of the CPPA violate the "proportionality principle" embodied in the Eighth Amendment's prohibition against cruel and unusual punishment. See



Leslie v. Doyle, 125 F.3d 1135 (7th Cir. 1997). Arnold's main argument is that the sentencing scheme unreasonably punishes certain activities that never involve an actual child (such as a computer-generated pornography images) more harshly than activities that involve the sexual exploitation of real children. Arnold also argues that the sentencing scheme unreasonably punishes the advertising of child pornography more harshly than the act of receiving such images.

Arnold's main argument might have had some traction prior to the Supreme Court decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). However, as the Government notes, Ashcroft invalidated those portions of the CPPA that criminalized computer-generated depictions of children engaged in sexual activities. See id. at 250 et passim. Thus, Arnold's argument is tethered to a portion of the statute that is now a nullity following Ashcroft. (Moreover, Arnold lacks standing to bring this claim because he is charged with possessing depictions of actual children. See Massey v. Helman, 196 F.3d 727, 739 (7th Cir. 1999)).

Arnold's other argument pertaining to the different sentences available to those who advertise, rather than receive, child pornography is unpersuasive. As a preliminary matter, the proper standard for a proportionality analysis is whether the sentence is "grossly disproportionate" to the crime. See Ewing v. California, 538 U.S. 11, 23 (2003). This standard, rather than the Illinois standard cited by Arnold, is binding on this Court. The sentencing scheme upheld in Ewing is instructive in illustrating the weakness of

Arnold's argument here. In Ewing, the defendant received a sentence of 25 years to life following his conviction for stealing three golf clubs worth $399 each. California's "three strikes" law accounted for the severity of the sentence.

Here, the sentencing scheme is nowhere near as disproportionate and onerous as the one upheld in Ewing. Under the CPPA, someone who receives child pornography is subject to between 5 and 20 years in prison, whereas someone who advertises such pornography could be sentenced to between 15 and 30 years. The legislature may well have considered that those who advertise cause greater availability and demand for pornographic pictures, and thus cause greater harm to minors. Ewing instructs that courts must give great deference to reasonable legislative determinations. See id. Here, the difference in potential sentences between these two types of heinous acts does not even approach the governing standard for disproportionality.

### III. **CONCLUSION**

For the foregoing reasons, Arnold's Motion is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: August 25, 2004